THE STATE, EX REL. JOSEPH JARDOT, RELATOR, v. THE CITY OF RAHWAY ET AL., RESPONDENTS.

THE STATE, EX REL. GEORGE McINTYRE, JR., RELATOR, v. THE CITY OF RAHWAY ET AL., RESPONDENTS.

Argued November 18, 1924—Decided February 10, 1925.

**Public Officers—Dismissal—Constitutionality of Act of 1919 Providing for Compensation for Officials Illegally Dismissed, Sustained.**

On *mandamus*. On rehearing.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the relators, *Hyer & Armstrong*.

For the respondents, *Edward A. Markley* and *Charles E. Corbin*.

PER CURIAM.

The above two cases, in which a rehearing was ordered, were decided July 31st, 1924, and reported in 2 *N. J. Adv. R.* 742. On petition of respondents a rehearing was ordered and had. Since the filing of the opinion, and upon the argument, our attention was, for the first time, directed by counsel of relators, to chapter 149 of the laws of 1919, page 323, which, *inter alia*, declared the following: "Whenever any municipal officer or employe has been or shall be illegally dismissed from such office or employment, and the said dismissal has been or shall be set aside as illegal by a court of competent jurisdiction, such officer or employe shall be entitled to recover the salary of such office or employment for the period covered by such illegal dismissal."

We are still of the same opinion as originally announced

in the cause. If there was any doubt about the soundness of the view therein taken, that doubt is dissipated by the statute of 1919, above referred to.

It is now contended, on behalf of the respondents, that the statute of 1919 is unconstitutional, in that it compels a city to give its money to an individual without return or benefit therefor to the city, and in direct conflict with paragraph 19 of article 1 of the constitution of the State of New Jersey, which, among other things, provides: "No county, city, borough, town, township or village shall hereafter give any money or property, or loan its money or credit, to or in aid of any individual, association or corporation."

This contention is so obviously without any merit that no comment is necessary.

As a result, we have reached the conclusion, as originally declared, that the motion of the relator's counsel to strike out the return to each of the alternative writs must prevail, and that a peremptory writ of *mandamus* issue.